```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION AT FRANKFORT
```

UNITED STATES OF AMERICA,     )
                              )
     Plaintiff,                )    Criminal Action No.
                              )       3:08-cr-31-JMH
v.                            )
                              )
MICHAEL D. SMITH, et al.,     )
                              )    **MEMORANDUM OPINION AND ORDER**
     Defendants.              )

                    **       **       **       **       **

On September 2, 2011, two documents were filed in the record of this matter on behalf of Defendant Michael D. Smith [DE 732 and 735; *see also* 736].

In the first of these filings, filed by counsel of record J. Guthrie True and styled "Counsel's Filing in Compliance with Order of July 14, 2011 (Doc. # 706)", counsel explains that he has been advised that Defendant intends to make *pro se* filings and arguments with respect to restitution.

The second filing is styled "Response to Government's Memorandum on Restitution and Motion for Extension of Time to Supplement Response." It is not, however, signed by Defendant Michael D. Smith. Rather, his name has been signed "with permission" by Mercedes Smith. The Court understands that Mrs. Smith is not an attorney.[1]

---

[1] The Court does not wish to appear coy but must note that there is neither a record that Mrs. Smith is an attorney registered with this Court nor has she indicated that she is one on the

-1-

28 U.S.C. § 1654 provides that:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

Courts have interpreted this section to provide for two types of representation:

> . . . that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself. The statute does not allow for unlicensed laymen to represent anyone else other than themselves.

*Turner v. American Bar Ass'n,* 407 F.Supp. 451, 477 (N.D.Tex.1975). This is to say that only licensed attorneys may practice law on behalf of others. *Coleman Advertising, Inc. v. Visionmedia*, No. 02-cv-74416, 2003 WL 345368 at *2 (6th Cir. Jan. 31, 2003) (citing *Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385-86 (11th Cir.1985); *Doherty v. American Motors Corp.,* 728 F.2d 334, 340 (6th Cir. 1984)).

Mrs. Smith's best intentions notwithstanding, she may not practice law on Defendant Smith's behalf, and this filing must be stricken. Defendant Michael D. Smith may submit such pleadings – by counsel (Attorney Guthrie True remains counsel of record for Defendant Smith in this matter) or bearing his own signature – as he sees fit in response to the Government's brief as set forth

---

pleading which she has signed on behalf of her husband.

below.

Of course, Attorney True has explained that his client has not been communicating with him about the required response, and Defendant Smith states that Attorney True has "effectively stopped working and has moved to be free of me as a client." Attorney True has never, however, been granted leave to withdraw as counsel for Defendant in this matter. He was granted leave to withdraw as counsel in the Court of Appeals on July 18, 2011, but only with respect to his representation of Michael D. Smith's appellate matters. As for the remaining restitution issue before this Court, Attorney True moved to withdraw only in a late breaking motion, filed on August 29, 2011. Considering the short time frame – the motion was made only four days before Defendant Smith's response brief was due and close in time to the hearing scheduled on this matter – the Court denied that request. **As far as the Court is concerned, Mr. True remains Defendant Smith's counsel in all matters remaining in the district court.**

Nor should Defendant anticipate that he will be granted any further extension of time to make his response with respect to restitution beyond that set forth herein.[2] Defendant and his counsel have long had knowledge of the hearing scheduled for September 22, 2011, and the deadlines for pleadings. The order

---

[2]In the materials filed on his behalf by Mercedes Smith, to be stricken, an extension through October 31, 2011, to make any response was requested.

setting the September 22, 2011, hearing and the deadlines for pleadings was entered on July 14, 2011, as was the Court's order denying Attorney True's motion to withdraw for proceedings on appeal.[3] This was well over a month-and-a-half before Attorney True's late request to withdraw and the present set of filings. Any failure by Attorney True and Defendant Smith to work together as counsel and client in this proceeding will not excuse their actions at this late date.

Frankly, they should have been prepared for this day well in advance of this time. The Court will not sanction their failure to be prepared by continuing the hearing at this late date. The sole relief afforded to Smith will be the brief extension of time to file his response as set forth below.

Accordingly, **IT IS ORDERED**:

(1) that the Clerk shall **STRIKE** Defendant's Response to Government's Memorandum on Restitution and Motion for Extension of Time to Supplement Response" [DE 735 and 736] from the record of this matter;

(2) that Defendant Smith, **either by counsel or *pro se***, shall file a brief outlining his position and setting forth proposed findings of fact and conclusions of law on the issue of restitution on or before **Friday, September 16, 2011**;

---

[3] Attorney True was permitted to withdraw from appellate proceedings by the United States Court of Appeals for Sixth Circuit on July 18, 2011.

(3) that the United States shall file any reply in further support of its position on restitution to be made by Defendant Michael D. Smith on or before **September 21, 2011**, at **NOON**;

(4) that, in addition to service via CM/ECF upon Mr. True, the Clerk shall serve a copy of this Order by United States mail, first class, postage prepaid, on Michael D. Smith, Register Number 12926-032, FCI Ashland, Satellite Camp, P.O. Box 6000, Ashland, KY 41105;

(5) that the Clerk shall also serve a copy of this Order by United States mail, first class, postage prepaid, on Mercedes Smith, 486 Delbar Lane, Lancaster, KY 40444.

This the 9th day of September, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge